UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RENE EILENA LOUZON,**

      **Plaintiff,**

v.                                                                  Case No:   6:15-cv-1074-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Rene Eilena Louzon (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits and supplemental security income. Doc. No. 1. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) finding she acquired transferrable skills making her capable of performing other jobs in the national economy; 2) failing to cite substantial evidence in support of her residual functional capacity ("RFC") determination; and 3) finding her testimony concerning her pain and limitations not credible. Doc. No. 17 at 8-13, 19-24, 29-32. Claimant argues the matter should be reversed and remanded for further proceedings. *Id*. at 35. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.      STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

At step five of the sequential evaluation process, the ALJ found Claimant is capable of performing other work in the national economy, and thus is not disabled. R. 26-27. In support, the ALJ found Claimant acquired transferrable skills from her past relevant work as an automotive parts sales clerk. R. 26. Claimant maintains the ALJ erred in making that finding. Doc. No. 17 at 8-13. As a result, Claimant argues the ALJ's step five determination is not supported by substantial evidence. *Id*. at 13. The Commissioner maintains the ALJ did not err in finding Claimant acquired transferrable skills from her work as an automotive parts sales clerk. *Id*. at 15-18 (citing *Zimmer v. Comm'r of Soc. Sec.*, 211 F. App'x 819 (11th Cir. 2006)).[1] Therefore, the Commissioner argues the ALJ's step five determination, which is otherwise unchallenged, is

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

supported by substantial evidence. *Id*. at 19.

Claimant has a high school education, and was 53 years old at the time of the administrative hearing. R. 36. At step four of the sequential evaluation process, the ALJ found Claimant is capable of performing sedentary work as defined by 20 C.F.R. § 404.1567(a) and § 416.967(a), with the following additional limitations: occasionally lift/carry ten (10) pounds; sit six (6) hours out of an eight-hour workday; stand/walk two (2) hours out of an eight-hour workday; occasionally reach overhead with her left non-dominant shoulder; and occasionally climb ladders, ropes, and stairs. R. 23. In light of this RFC, the ALJ found Claimant is unable to perform her past relevant work as a waitress and automotive parts sales clerk. R. 25.

At step five of the sequential evaluation process, the ALJ must consider the claimant's residual functional capacity, age, education, and work experience in determining whether he or she can perform other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At this step, the Commissioner bears the initial burden of demonstrating "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the Commissioner satisfies this burden, the burden shifts back to the claimant to demonstrate he or she is unable perform the jobs identified by the Commissioner. *Id*. If the claimant cannot perform other work in the national economy, then he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

In cases, such as this, the ALJ must also determine what level of skill the claimant achieved in his or her past relevant work. 20 C.F.R. §§ 404.1568, 416.968. The Social Security Administration defines skill as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to

learn)." Social Security Ruling ("SSR") 82-41, 1982 WL 31389, at *2 (1982). A skill is transferrable where it "can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1); *see also* SSR 82-41, 1982 WL 31389, at *2. A skill is more likely to be transferrable among jobs that require the same or a lesser degree of skill, utilize the same or similar tools, and use the same or similar products, processes, or services. 20 C.F.R. §§ 404.1568(d)(2), 416.968(d)(2). Complete similarity among all these factors is not necessary for transferability. *Id*. at §§ 404.1568(d)(3), 416.968(d)(3).

The ALJ may rely on a VE's testimony to determine the level of skill the claimant achieved in his or her past work, whether the claimant acquired transferable skills from his or her past work, and whether the claimant can perform other jobs in the national economy. *Zimmer*, 211 Fed. App'x at 820 (citing *Jones*, 190 F.3d at 1229). "The VE's testimony 'trumps' other sources of information with regard to skill level and alternative jobs. Unless the VE is proven incorrect, the ALJ may rely on the VE's testimony." *Id*. (citing *Jones*, 190 F.3d at 1229-30) (citation omitted).

In May of 2011, Claimant completed a work history report indicating, in relevant part, she worked as an automotive parts sales clerk from 2000 through 2007. R. 165-66. Claimant indicated the job primarily consisted of lifting and moving tools and automotive parts. *Id*. Claimant also indicated the job did not require her to do any of the following: 1) write; 2) complete reports; 3) use machines, tools, or equipment; or 4) use technical skills or knowledge. *Id*.

At the hearing, Claimant testified she worked as an automotive parts sales clerk from 2000 through 2007, resulting in the following colloquy:

> Q:   And what exactly were you doing in that job?

> A: I was in and out of a 1,000 - - 100,000 square foot warehouse bringing tools in and out of the office, selling tools, packing tools - -
>
> Q: Okay.
>
> A: - - on the phone.

R. 37-38. In light of this description, the VE testified Claimant's job corresponds to a parts salesperson under the Dictionary of Occupational Titles ("DOT") 279.357-062, which is classified as light, skilled work. R. 51.

The ALJ asked the VE whether Claimant acquired any transferrable skills from her work as an automotive parts sales clerk. R. 52. The VE testified Claimant acquired the skills of "sales work/customer service[.]" *Id*. On cross examination, Claimant's representative asked the VE to identify each transferrable skill, resulting the following response:

> A: These are general customer service skills, for example, using common sense, basic language, math skills, carrying out instructions, let's see, yeah, let's see totaling costs and then general sales. This - - the skills would be working with keeping records of sales, customer contact, talking easily and persuasively to people, demonstrating/maybe selling products, completing sales forms, etc.

R. 55; *see also* R. 58. The VE further testified Claimant developed these skills as a result of her years of experience working as an automotive parts sales clerk. R. 57. The ALJ posed a hypothetical consistent with Claimant's RFC, age, education, work experience, and the transferrable skills identified by the VE. R. 52-54. In response, the VE testified the hypothetical individual could perform the following representative work: cashier; customer service order clerk; and receptionist. R. 53-54.

At step five of the sequential evaluation process, the ALJ discussed the VE's testimony, noting:

> The [VE] testified that the claimant had transferrable skills to

> general customer service skills, common sense, basic math, and
> carrying out instructions.   The claimant could perform general sales
> keeping records, and have customer contact relating to people.

R. 26.   Thereafter, the ALJ noted the VE testified Claimant could perform the following representative work: cashier; customer service order clerk; and receptionist.   *Id*.   The ALJ found the VE's testimony consistent with the DOT, and relied on it in determining Claimant is not disabled.   R. 27.[2]

Claimant argues the VE's testimony is deficient in two (2) respects.   Doc. No. 17 at 9-12. First, Claimant argues the VE's testimony describing the skills she acquired from her work as an automotive parts sales clerk does not comport with her description of the work she actually performed in that job.   *Id*. at 9-11.   Second, Claimant argues the activities the VE identified are not skills as defined by SSR 82-41.   *Id*. at 11-12 (citing *Draegert v. Barnhart*, 311 F.3d 468, 476 (2d Cir. 2002)).   Therefore, Claimant argues the ALJ's step five determination is not supported by substantial evidence.   *Id*. at 13.

The work history report suggests Claimant's job was limited to moving tools and parts. R. 166.   The Claimant's testimony differed slightly from her work history report.   *Compare* R. 37-38 *with* R. 166.   In addition to moving tools and parts, Claimant testified she sold tools and was "on the phone."   R. 37-38.   The record contains no additional description of Claimant's work as an automotive parts sales clerk.   Based on Claimant's testimony, the VE concluded Claimant

---

[2] The ALJ also found the issue of transferability immaterial in determining disability.   R. 26.   This finding is premised on two (2) material misstatements of fact.   First, the ALJ incorrectly states Claimant's alleged onset date is January 1, 2007, when, in fact, Claimant timely amended her onset date to March 1, 2011.   R. 20, 35, 51.   Second, as a result of the first misstatement of fact, the ALJ incorrectly found Claimant was a younger individual (younger than 50 years old), on the alleged onset date.   R. 26 (citing 20 C.F.R. §§ 404.1563(c), 416.963(c)).   However, Claimant was 50 years old on the operative onset date, which makes her a person closely approaching advanced age (between 50 and 54 years old).   20 C.F.R. §§ 404.1563(d), 416.963(d).   These misstatements ultimately lead the ALJ to erroneously conclude that transferability of skills is immaterial to the determination of disability, because the Medical Vocational Guidelines (the "Grids") would direct a finding of not disabled regardless of whether Claimant's job skills were transferrable.   R. 26.   As discussed below, transferability is material in this case.   *See infra* pp. 8.

acquired the skills of common sense, basic language, math skills, carrying out instructions, keeping records of sales, customer contact, talking easily and persuasively to people, selling products, and completing sales forms.  R. 55.  The Court – assuming the VE identified skills – finds Claimant's testimony provides too slender a reed to support the VE's conclusion that she acquired the foregoing skills.  It is unclear how the VE determined Claimant acquired these skills from her testimony that she was in and out of a warehouse, "bringing tools in and out of the office, selling tools, packing tools" and "on the phone."  For example, other than bringing tools into the office and packing them it is unclear what role Claimant played in selling tools or being on the phone.  Thus, it is unclear whether Claimant solicited sales, was required to complete sales forms, worked with money, whom she spoke with on the phone and what they spoke about.  *See* R. 34-62, 166.  Indeed, the VE's testimony is contradicted, in part, by Claimant's work history report, which indicated she did not write or complete reports.  R. 166.  In summary, the Court finds the VE's testimony concerning the skills Claimant purportedly acquired from her work as an automotive parts sales clerk is not supported by substantial evidence, and thus the ALJ's step five determination is not supported by substantial evidence.

This case is distinguishable from the *Zimmer* case.  The appeal in *Zimmer* focused on whether the ALJ erred in determining claimant, who was an individual of advanced age (over 55 years old), acquired any transferrable skills from his past work as a fine dining waiter.  *Zimmer*, 211 F. App'x at 819-20.  The claimant testified "he needed a 'certain skill level' to perform his past job that required knowledge of cuisine, wine and drinks 'in a lot of detail.'"  *Id*. at 821.  In light of the claimant's testimony, the VE testified claimant had acquired the skills of money handling and customer service while he was a waiter.  *Id*. at 820-21.  The claimant argued those were not skills as defined by SSR 82-41.  *Id*. at 821.  The Eleventh Circuit disagreed.  *Id*.  The

Eleventh Circuit found money handling and customer service fall within the SSA's definition of skill, and that claimant's "own testimony shows he acquired the skills of customer service and money handling." *Id*. As a result, the Eleventh Circuit concluded the VE did not error in finding claimant acquired the skills of money handling and customer service during his time as a waiter, and thus the ALJ did not err in relying on the VE's assessment of the claimant's acquired skills. *Id*. In contrast, the record in this case lacks sufficient evidence that Claimant acquired the skills identified by the VE. Therefore, the Court finds *Zimmer* is distinguishable from the case at bar.

The Court must now determine whether the error discussed above is harmless. Claimant argues the error is not harmless, because her RFC, age, level of education, past relevant work and lack of transferrable skills would direct a finding of disabled under Grids. Doc. No. 17 at 13 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00, Table No. 1). The Court agrees. There are two grid rules – 201.14 and 201.15 – that apply to a claimant that is closely approaching advanced age (between 50 and 54 years old), has a high school level education, has skilled or semi-skilled past work experience and a sedentary RFC. 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00, Table No. 1. These grid rules only differ in terms of transferability of skills. *Id*. If the claimant has no transferrable skills, Grid Rule 201.14 directs a finding of disabled. *Id*. If the claimant has transferrable skills, Grid Rule 201.15 directs a finding of not disabled. *Id*. Therefore, it is possible the outcome of the administrative proceeding may be different on remand. Accordingly, the Court finds the error discussed above is not harmless, and the matter should be reversed and remanded for further proceedings so the Commissioner can further develop the record concerning Claimant's work as an automotive parts sales clerk.[3]

---

[3] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 9, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Rossana L. D'Alessio
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
500 East Broward Blvd.
Suite 1000, 10th Floor
Ft. Lauderdale, FL 33394